## CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed April 10, 1893.

CLEMENA ROBINSON ET. AL.

VS.

ORDER OF AMERICAN FRATERNAL CIRCLE, ETC.

DENNIS, J.—

In the matter of the exceptions filed to the auditor's account, I am of the opinion:

1st. That the claims of all those who were creditors, but not members of the order, should be allowed as pre-

ferred claims over the certificate holders.

This conclusion would embrace the claim of Messrs. Gruber & Landon, for professional services rendered in New York; but as the contract was made after the bill had been filed, and for the reasons stated more fully after the oral argument, I do not think they are entitled to claim the amount agreed upon as a fee for services rendered, and *to be rendered* during the entire year from the date of the contract. They will be allowed for the services actually rendered prior to the filing of the decree in the case; and from the affidavits filed, I think the services thus actually rendered are worth the sum of five hundred dollars. The value of these services, however, as well as those of other parties who have filed similar claims is subject to being rebutted by fuller proof before the auditor.

2d. The claims of Munheim, Weeks and others, who acted as solicitors of the order in procuring membership, &c., should be allowed. While they were members of the Order, they yet held no official relation to it; and the contracts under which they operated were made with them as individuals; and I can see no reason why they should not stand as any other creditors, *quoad* the services rendered under these contracts.

3d. The claim of Fry, for salary, was properly disallowed. He was a member of the Supreme Council, and there was a specification provision in the by-laws, that the salaries of officers should be paid only from the general fund. In no event could they look to the reserve fund for compensation. He was, of course, bound by this provision; and as the general fund was exhausted before the order was placed in the hands of the receivers, and the reserve fund alone is left for distribution, it follows that he is barred from claiming salary out of it.

4th. The claim of Dr. Morris, the medical examiner for the Order, should have been allowed.

While he is also a member of the Supreme Council, yet the provision of the by-laws in regard to his compensation is very different from that relating to the other officers.

He gets no salary, to be paid out of the general fund; but it is provided that every candidate for membership shall pay twenty-five cents for the medical examiner. This twenty-five cents is therefore, under the by-laws, specifically appropriated to him. It may be paid to the collecting officers of the order, as a more convenient means of collection; but the right to, and the property in, it never vested in the order; and when received by the officers of the order, it was under a trust to hold it for, and pay it over to, the medical examiner. So that, no matter in which fund the collection was placed, it cannot effect the claimant's rights; he was a creditor of the order to the extent of every payment made for medical examination as soon as it was received by the order; and the latter's dealings with it afterwards cannot injuriously affect his rights.

This claim will therefore be allowed, upon proper proof of services rendered.

5th. The claims of those certificate holders who had paid in for three years, and thus became entitled to an advance payment of $200, were properly disallowed.

Their contract was for a period of seven years, and contemplated the members remaining in the order, complying with the assessments and other regulations, for that length of time. Only at the expiration of that period could they be considered creditors of the order for the amount provided for by their certificates. It is true, the by-laws provided that, after the lapse of three years, members should be entitled to receive the sum of two hundred dollars; but it was distinctly declared that this was an *advance* or loan on account of the sum to be ultimately paid them, and was to be charged with interest against that sum.

Had the order continued to conduct business, they might, it is true, have drawn this installment and then withdrawn from membership; but that would have been a violation, if not of the letter yet certainly of the spirit and intention of the contract of membership, which clearly contemplated the parties continuing members until the full period of seven years had elapsed, paying in the meantime all proper assessments for the benefit of those members whose certificates matured later than their own. Where, therefore, the corporation has ceased

**358**

to exist, and its assets are to be distributed, there is manifestly no equity in the claim of this class of certificate holders, all to be paid in this installment out of the funds contributed by all the members, as against the other certificate holders, when they have not complied with the provisions of the contract made for the protection of these latter, and the performance of which constituted the consideration for which this advance payment was agreed to be made.

Nor does the case of those who had received prior to the decree warrants for the payment of these advances, stand upon any better ground. These warrants, although drawn upon the bank, were not accepted by it, and upon no theory can they be considered as having worked an equitable assignment *pro tanto* of the funds of the order on deposit with the bank. They were no more effective for that purpose than would have been the check of the Treasurer of the order, which had not been presented.

The case will be referred back to the special auditor, to state an account in accordance with these views.

Note—The allowances will amount to about $3500.